IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                                      CIV 01-1242 LH/KBM
                                                        CR  99-1329 LH

HIPOLITO ARAGON,

        Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on the remaining two "claims" of Hipolito Aragon's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. *See Docs. 1, 5.* I recommend that Aragon's assertions that his plea was involuntary and counsel ineffective be found without merit. Because the issues are resolved on the pleadings, and the record establishes conclusively that movant is not entitled to relief, an evidentiary hearing is not necessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

       The United States contends that certain of Defendant's grounds for relief are procedurally defaulted because he failed to raise them on direct appeal. Aragon, however, argues his counsel was ineffective for failing to file a direct appeal, which can constitute a basis to excuse the procedural default. *E.g., United States v. Cox,* 83 F.3d 336, 341 (10th Cir. 1996); *United States v. Cook,* 45 F.3d 388, 392 (10th Cir. 1995). Given the transcripts of the hearings, it is frankly just as

easy to dispose of this matter by addressing the merits. *See Romero v. Furlong,* 215 F.3d 1107, 1111 (10th Cir.) ("We need not and do not address these issues, however, because the case may be more easily and succinctly affirmed on the merits."), *cert. denied,* 531 U.S. 982 (2000); *United States v. Wright,* 43 F.3d 491, 496 (10th Cir. 1994) ("We need not address whether [procedural default] bars appellant from asserting his *Brady* claim because, even assuming it is not procedurally barred, the claim fails on its merits.").

After agents seized cocaine, methamphetamine, marijuana, drug paraphernalia and firearms from Aragon's residence, he and his co-defendants were arrested and charged with numerous drug-related crimes. With his third attorney at his side, Aragon pled guilty. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985) (citation and internal quotation marks omitted).

Aragon contends his plea was unknowing and involuntary because he

> is a Mexican national, with less than 6th grade education, and did not understand the nature of the charges or of the plea, nor the consequences of either. He felt under duress and coercion to plead guilty, both from himself and his family. He felt that he and his family were in jeopardy. He understands nothing of the U.S. legal system and was not adequately assisted by his counsel.

*Doc. 1* (ground 2 for relief). As the United States observes, however, Aragon's conclusory allegations are insufficient to overcome the statements he made during the plea and the findings by the court.[1] This is so particularly in light of the fact Aragon had interpreter assistance not only

---

[1] *E.g., Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *Lasiter v. Thomas,* 89 F.3d 699, 702 (10th Cir.) ("representations of the defendant . . . as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent

2

during court proceedings, but also from an attorney.

Aragon also alleges that his counsel was ineffective because

> defense counsel failed to investigate an interview witnesses and evidence, failed to represent movant at pre-sentence interview; failed to adequately explain charges, and vigorously provide a defense; failed to object to erroneous information in P.S.R.; failed to file a notice of appeal or explain effects of plea agreement; failed to explain availability of collateral attack pursuant to 28 U.S.C. [§] 2255 and 28 U.S.C. [§] 2241.

*Doc. 1* (ground 1 for relief). The alleged failures to interview witnesses and evidence, explain the charges, provide a defense, and explain the plea agreement are charges Defendant leveled at his third attorney and as grounds to withdraw his plea. The charges were unsubstantiated and Aragon rescinded the motion to withdraw his plea. *See Doc. 8,* Exhs. 2 & 4 (motion to withdraw hearing and attachments A and B to counsel's affidavit).

The alleged failures to represent Defendant at his pre-sentence interview, object to the PSR, file a notice of appeal, and explain the availability of habeas relief are charges leveled at his fourth attorney. Aragon's fifth attorney informed the court that these alleged failures also are unsubstantiated. *See id.,* Exh. 2 (attachment B to counsel's affidavit). The uncontradicted record

---

presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."), *cert. denied,* 519 U.S. 998 (1996); *United States v. Carr,* 80 F.3d 413, 417 (10th Cir. 1996) (allegations that counsel and codefendants and their counsel pressured for a plea "[w]hile . . . palpable to Appellant, . . . do not vitiate the voluntariness of his plea; it was still his choice to make. Indeed, the thorough exchange between the court and Appellant during administration of the Rule 11 protocol . . . clearly demonstrates that Appellant entered his plea willingly and voluntarily at the time he made it."); *Miles v. Dorsey,* 61 F.3d 1459, 1470 (10th Cir. 1995) ("We also reject Petitioner's claim that his plea was involuntary because his family urged him to plead so that they would not have to go to prison."), *cert. denied,* 516 U.S. 1062 (1996); *United States v. Alvarez,* ___ F.3d ___, 2002 WL 12265 *1 (10th Cir. 2002) (unpublished) ("Alvarez's conclusory allegations . . . are simply insufficient to overcome his statements in open court during the plea hearing that he was knowingly and voluntarily executing the guilty plea and waiver of rights.").

therefore establishes counsel did not engage in the deficient conduct.  Also, given the waiver of appeal provision in the plea agreement any failure to appeal was not unreasonable.

Thus, Aragon fails to show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Furthermore, he fails to show prejudice.  Aragon makes no claim that he would not have pleaded guilty and I find on this record he would not have gone to trial absent counsels' alleged errors.  Also, Aragon also managed to file this action despite counsel's alleged failure to inform him of habeas avenues.  *See Miller v. Champion,* 262 F.3d 1066, 1073-75 (10th Cir. 2001), *petition for cert. filed 11/19/01.*

For these reasons as well as those contained in the United States' response, I find Aragon's remaining two grounds without merit.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be denied and this action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636\(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE